IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL THURSTON,

    Plaintiff,

v.                                             Civil Action No. **3:24CV488**

DR. WILLIAM MCKENNA, *et al.*,

    Defendants.

**MEMORANDUM ORDER**
**(Conditionally Docketing Action)**

Plaintiff, a Virginia inmate, has submitted this civil action. He also has applied to proceed *in forma pauperis*. It is ORDERED that:

1.     This action is CONDITIONALLY docketed.

2.     Within thirty (30) days from the date of entry hereof, Plaintiff must submit a statement under oath or under penalty of perjury that:

        (A)    Identifies the nature of the action;
        (B)    States his belief that he is entitled to relief;
        (C)    Avers that he is unable to prepay fees or give security therefor; and,
        (D)    Includes a statement of the assets he possesses.

The Court is forwarding to Plaintiff an affidavit for compliance with the above procedures, unless the Court determines that a complete and signed affidavit has already been submitted. Failure to complete the affidavit **in its entirety will result in summary dismissal of the action.**

3.     The Clerk shall obtain a certified copy of Plaintiff's trust fund account for the six (6) month period immediately preceding the initiation of this action.

4. Plaintiff must affirm his intention to pay the entire $350.00 filing fee. Accordingly, he is required to read, sign, and return to the Court the enclosed consent to collection of fees form within thirty (30) days of the date of entry hereof.

5. Failure to comply strictly with any of the above time requirements will result in summary dismissal of the action. *See* Fed. R. Civ. P. 41(b).

6. Plaintiff need not comply with paragraphs 1 through 5 if he submits the full $350.00 filing fee, a $55.00 administrative fee, **and** withdraws his request to proceed *in forma pauperis* within thirty (30) days of the date of entry hereof.

7. Plaintiff is prohibited from filing any other pleadings, motions, memoranda, or material not specifically required herein or otherwise specifically ordered by the Court until he is granted leave to proceed *in forma pauperis* or pays the full filing fee. Any documents submitted in violation of this paragraph will not be considered.

8. Plaintiff is REQUIRED to write the case number on any submission. If Plaintiff has more than one action pending and Plaintiff fails to identify a case number on any submission, the Court will only docket that submission in the earliest filed case. Plaintiff may also not submit one single response to comport with the directives of the Court in more than one individual case. Instead, Plaintiff must submit a separate response for each individual action. If Plaintiff attempts to submit one response listing a group of case numbers, the Court will only docket that submission in the first-listed civil action on that submission. The Court will not consider the submission as a response in any other civil action.

9. The Court DOES NOT ACCEPT documents or pleadings submitted on paper that exceeds 8½ inches by 11 inches in size, or that contains writing on the reverse side of a page.

**ANY SUBMISSION MADE IN VIOLATION OF THIS PARAGRAPH WILL NOT BE CONSIDERED BY THE COURT**.

10. Plaintiff must immediately advise the Court of his new address in writing in the event that he is transferred, released, or otherwise relocated while the action is pending. **FAILURE TO DO SO WILL RESULT IN DISMISSAL OF THE ACTION.** The Court will not accept a change of address by phone.

11. All correspondence for the Court shall be directed to: Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.

12. Plaintiff asks the Court to send his mail to his mother and provides an address. (ECF No. 5, at 1.) The Court will not mail its orders or other correspondence to more than one address. Plaintiff indicates that he "made [his mother] power of attorney." (*Id.*) Plaintiff may not designate a power of attorney to litigate this action on his behalf. Plaintiff must draft and sign all documents submitted to the Court. Parties may plead and conduct their own cases personally or by counsel in all courts of the United States. See 28 U.S.C. § 1654. Moreover, individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341–42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006). Therefore, only Plaintiff may litigate this matter on his own behalf and the attempt to update his address to his mother's home will not be permitted at this juncture.

The Clerk is DIRECTED to send a copy of this Memorandum Order to Plaintiff.

It is so ORDERED.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Date: July 25, 2024
Richmond, Virginia