IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL THURSTON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. **3:24CV488**

DR. WILLIAM McKENNA, *et al.*,

    Defendants.

### MEMORANDUM ORDER
### (Directing Plaintiff to File a Particularized Complaint)

In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] That statute provides, in pertinent part:

>Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It is not clear form Plaintiff's submissions why he faults the three Defendants for violating his *federal* or *constitutional* rights. Plaintiff's use of abbreviations also complicates the Court's review of his claim. Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV488."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

The Clerk is DIRECTED to send a copy of this Memorandum Order to Plaintiff.

It is so ORDERED.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Date: 11/27/24
Richmond, Virginia

2